"A"

DLM

In the United States District Court

For the District of Rhode Island
(Form mailed ________, 198 )

Michael G. Keselica

---

/Enter above the full mane of the plaintiff or plaintiffs in this action. /

CA 06 490S

v.-

Civil Action No. ________

Donald L. Carcieri, Governor
and Patrick Lynch, Attorney General

/Enter above the full name of the defendant or defendants in this action/

1.- Previous Lawsuits

A. Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to your imprisonment?
Yes [ ] No [X]

B. If your answer to A is yes, describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of ~~paper, using the same outline.)~~

1. Parties to this previous lawsuit

Plaintiffs: N/A

Defendants:

2. Court /if federal court, name the district; if state court, name the county/: N/A

3. Docket number: N/A

4. Name judge to whom case was assigned: N/A

5.- Disposition /for example: Was the case dismissed? Was it appealed? Is it still pending?/: N/A

6. Approximate date of filing law suit: N/A

7. Approximate date of disposition: N/A

II. Place of Present Confinement: Adult Correctional Institution (ACI)

A. Did you present the facts relating to your complaint to The Warden or any of the prison officials?

Yes [ ] No [X]

B. If your answer is YES:

1. What steps dis you take?

2. What was the result?

C. If your answer is NO, explain why not: They do not have the official capacity to revoke or suspend RI Gov. Carcieri's Rendition Warrant

III. Parties

/In item A below, place your name in the first blank. Do the same for additional plaintiffs, if any./

A. Name of plaintiff Michael G. Keselica

/ In item B below, place the full name of the defendant in the first blank, his official position in the second blank, and his place of employment in the third blank. Use item C for the names, position, and places of employment of any additional defendants./

B. Defendant Donald L. Carcieri is employed as Governor for the State of Rhode Island at The State House, Providence, R.I.

C. Additional Defendants: Patrick Lynch, Attorney General for the State of Rhode Island

VI. NOTE: **Should you fail to execute and return this form within ten days from the date of mailing as recorded on pace 1, this Court will conclude you have abandoned your claim and will dismiss your petition.**

Signed this 23rd day of October, ~~198~~ 2006

Michael Keselica
Plaintiff - Pro Se
/Signature of plaintiff or plaintiffs/

VERIFICATION

State of Rhode Island )
)
County of Kent County )

Michael Keselica, being first duly sworn, under oath, says: that he is the plaintiff in this action and knows the contents of the above complaint; that it is true of his own knowledge, exceptas to those matters that are stated in it on his information and belief; and as to those matters, he believes them to be true.

/Signature of plaintiff

Subscribed and sworn to before

me this 24 day of OCT. 2006,

~~198~~ .

/Notary Public or other person authorized by law to administer an oath/ Kathleen Lyons
exp. 4-13-2010

IV. Statement of Claim

State here as briefly as possible the facts of your case. Discribe how each defendant is involved. Include also the names of other persons involved, dates, and places. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. /Use as much space as you need. Attach extra sheet if necessary./

On June 4, 2004 Plaintiff successfully contested extradition to Virginia, while in Maryland, and was released on a Writ of Habeas Corpus. One of the habeas claims raised by Plaintiff was the fact that the Requisition ~~Appt~~ Affidavit submitted by the Office of the Commonwealth Attorney for Fairfax County, VA, which then generated Virginia's Requisition Warrant and Maryland's Rendition Warrant was based on perjured affirmations. Specifically, the Requisition Affidavit statements that:

(1) This is the first time that a requisition application has been submitted for the extradition return of Plaintiff. Not true. A requisition affidavit was submitted on July 3, 2001.

(see attached continuation sheets)

V. Relief

State briefly exactly what you want the court to do for you.

Make no legal arguments. Cite no cases or statutes.

Revoke or suspend Rhode Island Governor Donald L. Carcieri's Rendition Warrant which has resulted in the current detention of Plaintiff, Michael G. Keselica, at the ACI, Cranston, RI and, with it, the profound violation of Plaintiff's civil rights, pending investigation and litigation of Plaintiff's claims.

IV. Statement of Claim (continued)

(2) Plaintiff was in the demanding state during the commission of his crime. Not true. It was the Office of the Commonwealth Attorney for Fairfax County, VA who argued at Plaintiff's trial that even though Plaintiff was never present in Virginia to commit his crime, Virginia had jurisdiction because harm occurred in Virginia from Plaintiff's actions. This Office of the Commonwealth Attorney continued this argument all the way to the U.S. Supreme Court.

On June 3, 2006, Plaintiff's Mother passed away in Newport, RI, consequently Plaintiff moved back to Rhode Island to care for his elderly father and on August 3, 2006, Plaintiff was stopped by a Rhode Island State Trooper for a lane violation and a NCIC check revealed Virginia's same fugitive warrant. Plaintiff was arrested again as a fugitive from justice (4th time) from Virginia and again contested extradition (3rd time).

On August 21, 2006, Plaintiff wrote to Virginia Governor Timothy Kaine, advising the Governor that a ~~new~~ requisition application would be forthcoming from the Office of the Commonwealth Attorney for Fairfax County, Virginia to extradite Plaintiff from Rhode Island to Virginia. Plaintiff further stated to Governor Kaine that a previous requisition application from that same office on February 19, 2004 contained perjured affirmations and that this forthcoming requisition application may also contain perjured affirmations, specifically, the fact that the Commonwealth Attorney may again state, and has stated previously, that:

"No other application has been made for ~~a~~ requisition for

IV Statement of Claim (continued)

"the said fugitive growing out of the same transaction herein alleged."

(actually the 3rd such application), among other perjured affirmations.

On August 25, 2006, Plaintiff then wrote to Rhode Island Governor Donald Carcieri and advised the Rhode Island Governor that a Requisition Warrant would be forthcoming from the Commonwealth of Virginia for the extradition of Plaintiff and Plaintiff further apprised Rhode Island Governor Carcieri that Virginia's Requisition Warrant would be based on perjured affirmations, as it was for Virginia's requisition extradition request, to Maryland, for Petitioner, in 2004.

Petitioner requested a Governor's Extradition Hearing to set forth these facts, in tandem with any investigation by the Office of the Attorney General for Rhode Island, as requested by the Office of the Governor of Rhode Island. The response back to Plaintiff from RI Governor Carcieri's Executive Counsel, after consulting with the Attorney General's Office, was that there was nothing that the Governor could [or would] do.

On October 5, 2006, Plaintiff was served with Rhode Island Governor Carcieri's Rendition Warrant and, with it, Virginia's Requisition Documents. True to Plaintiff's word, Virginia's Governor's Requisition Warrant and consequently RI Governor Carcieri's Rendition Warrant was issued based on a perjured requisition affidavit from the Office of the Commonwealth Attorney for Fairfax County, Virginia, specifically that:

"No other application has been made for a requisition for the said fugitive growing out of the same transaction herein alleged."

among other perjured affirmations.

IV. Statement of Claim (continued)

On October 18, 2006, a hearing was held on Plaintiff's Motion for Bail in the Superior Court for Kent County, R.I. Plaintiff's Motion was denied by that Court based, in whole, on misrepresentations made by the Office of the Attorney General for Rhode Island, following, in suit, the perjured affirmations made by Virginia in their Requisition Affidavit.

On October 20, 2006, Plaintiff submitted to the Office of the Governor of Rhode Island, Plaintiff's request to "Recall Governor's Warrant." Plaintiff tried one final time to get the Governor to react positively and responsibly to avoid his Office from furthering Virginia's criminal and prejudicial actions towards Plaintiff. Plaintiff took this course of action as extradition is an executive function—not a judicial function, therefore Plaintiff attempted to exhaust his executive remedies before pursuing this inevitable course of action in the federal courts in an attempt to regain those civil rights denied Plaintiff by the negligence and misrepresentations made by the defendants, as stated above and below.

Defendant RI Governor Donald Carcieri's [Governor's] Rendition Warrant is violating, and has violated, Plaintiff's civil rights based on the Governor's wilful failure to acknowledge perjured requisition documents from Virginia, as well as misrepresentations made by Defendant Lynch to Defendant Carcieri and to the RI Courts in furthering Virginia's criminal extradition actions.

Plaintiff is being unfairly, unjustly and unconstitutionally treated because he is not only labeled a fugitive from justice but because he has been falsely classified and incarcerated as a fugitive from justice based on perjured affirmations and fraudulent misrepresentations.

IV. Statement of Claim (Continued)

- Claim I – The Eighth Amendment to the U.S. Constitution prohibits cruel and unusual punishment and excessive bails and fines. Plaintiff's 8th Amendment rights have been violated by both Defendants – RI Gov. Donald Carcieri and RI Attorney General Patrick Lynch.

Plaintiff is currently being subjected to cruel and unusual punishment – his imprisonment, the denial of his liberty, as a result of perjured requisition documents submitted by Virginia and negligently and intentionally overlooked by Defendant Gov. Carcieri, relying on the advise of the other Party Defendant to this case, Patrick Lynch, despite Plaintiff's repeated attempts to alert Defendant Carcieri to these perjured documents from Virginia and misrepresentations made by Defendant Lynch to Defendant Carcieri.

Furthermore, Plaintiff was not only denied excessive bail but was denied bail due, in whole, to misrepresentations made to the RI Courts by Defendant Lynch in continuing Virginia's intentionally malicious and criminal actions.

- Claim II – The Fifth Amendment to the U.S. Constitution states that no person will be placed in double jeopardy and that neither life, liberty nor property may be taken without due process of law.

Plaintiff's right to due process of law in re-securing his liberty was denied Plaintiff thru the misrepresentations made by Defendant Lynch to the RI Courts in furthering the deceit and fraudulent misrepresentations initiated by Virginia, resulting in Plaintiff's continued incarceration.

IV. Statement of Claim (continued)

Furthermore, as all parties to Plaintiff's extradition proceeding are well aware of, Plaintiff is being exposed to the constitutionally-violative principle of double jeopardy – this is Plaintiff's third extradition proceeding under the same indictment, the second in which Plaintiff is "in jeopardy".

Nevertheless, both Party Defendants have allowed Plaintiff to remain incarcerated – thus violating Plaintiff's right to avoid double jeopardy, pursuant to the Fifth Amendment, despite Plaintiff's repeated efforts to alert these Party Defendants to this "right" violation.

- Claim III – Plaintiff is being deprived of the equal protection of the law pursuant to the 14th Amendment due, in part, to his classification as a fugitive from justice and with it Plaintiff's arrest and detention under Defendant Carcieri's Governor's Warrant and also due, in part, to intentional misrepresentations made by Defendant Lynch.

Due to the fact that Plaintiff is labeled a fugitive from justice, albeit falsely, as Plaintiff proved "beyond any doubt" at his June 4, 2004 habeas extradition proceeding, Plaintiff is being deprived of his 14th Amendment entitlement to the equal protection of the law due to the constitutionally violative actions, or inactions, of Defendants Carcieri and Lynch.

Defendants Carcieri and Lynch have known, or should know by now, that Plaintiff's current restraint is due to perjured statements made by the Office of the Commonwealth Attorney for Fairfax County, Virginia and the resulting failure of both these Defendants to properly address Virginia's criminal actions in

seeking to extradite Plaintiff. These Defendants have intentionally denied Plaintiff the [non-prejudicial and non-criminal] due process they would hopefully accord other citizens of this state, due solely to the fact that Plaintiff has been labeled a fugitive from justice from another state, in this case the Commonwealth of Virginia.

Plaintiff's fundamental rights of citizenship have been violated because Plaintiff has been falsely classified / labeled a fugitive from justice when the facts presented to these Defendants proved otherwise and consequently the resulting malicious behavior towards Plaintiff by these Defendants because Plaintiff has been classified as a fugitive from justice.

Governor Carcieri should have held a hearing or conducted an investigation to determine if Plaintiff's warnings were valid. The Governor chose not to. In so doing, he subjected Plaintiff to the violation of his civil rights when due diligence on the part of Defendant Carcieri would have avoided subjecting Plaintiff to the deprivation of these rights.

The Office of the Attorney General for Rhode Island has displayed gross negligence, fraud, deceit and malicious conduct in prosecuting Plaintiff despite the fact that this Defendant knows full well the illegality of this proceeding against Plaintiff based on criminal representations by Virginia.

Most importantly, this Defendant has not only failed to notify Defendant Carcieri and the Rhode Island Courts

III. Statement of Claim (continued)

of these criminal facts but this Defendant has purposely hidden these facts in conspiring with the demanding state in Plaintiff's extradition proceeding to coverup Virginia's illegal actions or misrepresented the weight of Virginia's perjured affirmations by audaciously labeling these criminal acts by Virginia as a clerical mistake.

As a result of these negligent and intentionally deceitful actions by Defendant Carcieri and Lynch, Plaintiff has been exposed to a violation of:

(1) 42 USCS subsection 1983 — Plaintiff's false imprisonment and illegal detention based on an initiation of prosecution based on perjured affirmations;

(2) 42 USCS subsection 1985 — Defendant Lynch has conspired with the demanding state, Virginia, to interfere with and deprive Plaintiff of his [civil] rights and privileges as a citizen of the United States of America;

(3) 28 USCS subsection 1343(a)(3) — Plaintiff is and being subjected to cruel and unusual punishment and has been subjected to double jeopardy.