UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MICHAEL G. KESELICA, Plaintiff, | : | |
| v. | : | CA 06-490 S |
| DONALD L. CARCIERI, GOVERNOR, and PATRICK LYNCH, ATTORNEY GENERAL Defendants. | : | |

**REPORT AND RECOMMENDATION**

David L. Martin, United States Magistrate Judge

On November 21, 2006, Plaintiff filed a Complaint (Document ("Doc.") #1) and an Application to Proceed Without Prepayment of Fees and Affidavit (Doc. #2) ("Application") in the above entitled matter. An order granting the Application was entered on November 22, 2006.

On November 27, 2006, Plaintiff's Motion for the Immediate Suspension of the Custodial Effects of Rhode Island Governor Donald L. Carcieri's Rendition Warrant on Plaintiff (Doc. #3) ("Motion") was referred to this Magistrate Judge for determination. After reviewing the Motion and the Complaint, the Court concluded for the reasons stated in this Report and Recommendation that the Motion should be denied and that the action should be dismissed pursuant to 28 U.S.C. § 1915(e)(2).[1]

---

[1] 28 U.S.C. § 1915(e)(2) states:

(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the **court shall dismiss the case at any time if the court determines that–**
(A) the allegation of poverty is untrue; or
(B) **the action** or appeal--
(i) is frivolous or malicious;
**(ii) fails to state a claim on which relief may be granted;** or

Accordingly, the Court is issuing today a separate order, denying the Motion, and this Report and Recommendation, recommending that the action be dismissed.

**Facts**[2]

Plaintiff Michael G. Keselica ("Plaintiff") is an inmate presently confined at the Adult Correctional Institutions ("ACI") in Cranston, Rhode Island. See Complaint at 2. On August 3, 2006, he was stopped for a lane violation by a Rhode Island State Trooper. See id. at 5.[3] An "NCIC check," id., revealed the existence of a warrant from the State of Virginia, see id. Plaintiff was arrested and charged with being a fugitive from justice. See id. It appears that he has been at the ACI since his arrest while he contests his extradition to Virginia.

More than two years ago, on June 4, 2004, while in Maryland, Plaintiff successfully contested his extradition to Virginia for the same matter on which Virginia now seeks his extradition from Rhode Island. See id. at 3. Plaintiff was released on a writ of habeas corpus after claiming, among other things, that "the Requisition Affidavit submitted by the Office of the Commonwealth Attorney for Fairfax County, VA, which then generated Virginia's Requisition Warrant and Maryland's Rendition Warrant[,] was based

> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2) (bold added).

[2] The facts are taken from the Complaint (Doc. #1) which, for purposes of this Report and Recommendation, the Court assumes to be true.

[3] Plaintiff's Complaint consists of eleven pages. Pages 2, 3, and 4 have the page number at the top of the page. The next seven pages have the page number at the bottom of the page and are hand numbered 1 through 7. To avoid the confusion which results from having duplicate page numbers in the same document, the Court has renumbered the additional pages as 5 through 11.

on perjured affirmations." Complaint at 3. According to Plaintiff, the specific statements in the Requisition Affidavit which were perjurious were: "(1) This is the first time that a requisition application has been submitted for the extradition return of Plaintiff," id., and "(2) Plaintiff was in the demanding state during the commission of his crime," id. at 5. Plaintiff contends these statements were false because a previous requisition affidavit had been submitted on July 3, 2001, see id. at 3, and the Office of the Commonwealth Attorney for Fairfax County, Virginia, had "argued at Plaintiff's trial that even though Plaintiff was never present in Virginia to commit his crime, Virginia had jurisdiction because harm occurred in Virginia from Plaintiff's actions," id. at 5.

On August 21, 2006, Plaintiff wrote to the Governor of Virginia, Timothy M. Kaine, advising Governor Kaine that a requisition application would be forthcoming from the Office of the Commonwealth Attorney for Fairfax County, Virginia, to extradite Plaintiff from Rhode Island to Virginia. See id. Plaintiff further advised Governor Kaine "that a previous requisition application from that same office on February 19, 2004[,] contained perjured affirmations and that this forthcoming requisition application may also contain perjured affirmations ...." Id. Plaintiff specifically identified the statement that "[n]o other application has been made for a requisition for the said fugitive growing out of the same transaction herein alleged," id. at 5-6, as being among the perjured affirmations which the Commonwealth Attorney had made in the past and might do so in the future, see id.

Plaintiff sent a similar letter on August 25, 2006, to the Governor of Rhode Island, Donald L. Carcieri. See id. at 6. The letter advised Governor Carcieri that a "Requisition Warrant would be forthcoming from the Commonwealth of Virginia for the

extradition of Plaintiff and ... that Virginia's Requisition Warrant would be based on perjured affirmations, as it was for Virginia's requisition extradition request[] to Maryland[] for Petitioner[] in 2004." Complaint at 6. Plaintiff requested "a Governor's Extradition Hearing to set forth these facts, in tandem with any investigation by the Office of Attorney General for Rhode Island, as requested by the Office of the Governor of Rhode Island." Id. Governor Carcieri's Executive Counsel, after consulting with the Rhode Island Attorney General's Office, responded "that there was nothing that the Governor could [or would] do," id. (alteration in original).

A hearing was held on October 18, 2006, in the Kent County Superior Court on Plaintiff's motion for bail, id. at 7, presumably on the State of Rhode Island's complaint that Plaintiff is a fugitive from justice based on the Virginia warrant. The motion for bail was denied allegedly because of misrepresentations made by the Rhode Island Attorney General's Office. See id.

On October 20, 2006, Plaintiff submitted to Governor Carcieri's Office a request to "Recall Governor's Warrant." Id. Plaintiff states that he took this course of action because he was attempting to exhaust his administrative remedies before initiating the present action. See id.

In his statement of claim, Plaintiff asserts, among other things, that:

> Defendant RI Governor Donald Carcieri's [Governor's] Rendition Warrant is violating, and has violated, Plaintiff's civil rights based on the Governor's wil[l]ful failure to acknowledge perjured requisition documents from Virginia, as well as misrepresentations made by Defendant [Patrick] Lynch to Defendant Carcieri and to the RI courts in furthering Virginia's criminal extradition actions.

Complaint at 7.

Plaintiff alleges three specific violations of his civil rights: 1) that he is "being subjected to cruel and unusual punishment — his imprisonment, the denial of his liberty, as a result of perjured requisition documents submitted by Virginia ...," Complaint at 8, in violation of the Eighth Amendment to the U.S. Constitution, id.; 2) that his right to be protected against doubled jeopardy has been violated because "this is Plaintiff's third extradition proceeding under the same indictment, the second in which Plaintiff is 'in jeopardy,'" id. at 9, in violation of the Fifth Amendment, id. at 8; and 3) that he is being deprived of equal protection of the law because Defendants "have intentionally denied Plaintiff the [non-prejudicial and non-criminal] due process they would hopefully accord other citizens of this state, due solely to the fact that Plaintiff has been labeled a fugitive from justice from another state, in this case the Commonwealth of Virginia," id. at 10 (alteration in original). He also claims that his "fundamental rights of citizenship have been violated because Plaintiff has been falsely classified/labeled a fugitive from justice when the facts presented to these Defendants proved otherwise ...." Id.

Plaintiff alleges that Governor Carcieri violated Plaintiff's civil rights in failing to conduct an investigation or hearing to determine if Plaintiff's warnings were valid. Id. at 10. Plaintiff charges that the Office of Attorney General Lynch "has displayed gross negligence, fraud, deceit and malicious conduct in prosecuting Plaintiff despite the fact that this Defendant knows full well the illegality of this proceeding against Plaintiff based on criminal representations by Virginia." Id. Plaintiff further charges that Defendant Lynch's Office:

> has not only failed to notify Defendant Carcieri and the Rhode Island Courts of these criminal facts but this Defendant has purposely hidden these facts in conspiring with the demanding state in Plaintiff's extradition

> proceeding to coverup Virginia's illegal actions or misrepresented the weight of Virginia's perjured affirmations by audaciously labeling these criminal acts by Virginia as a clerical mistake.

Complaint at 10-11.

Based on these acts and omissions, Plaintiff claims that Defendants have violated 42 U.S.C. § 1983 by subjecting him to "false imprisonment and illegal detention based on an initiation of prosecution based on perjured affirmations." Id. at 11. Plaintiff also claims that Defendant Lynch has violated 42 U.S.C. § 1985 by "conspir[ing] with the demanding state, Virginia, to interfere with and deprive Plaintiff of his [civil] rights and privileges as a citizen of the United States ..." id. (second alteration in original).[4] As relief, Plaintiff seeks the revocation or suspension of the Rhode Island "Rendition Warrant which has resulted in the current detention of Plaintiff ... at the ACI ... and ... the profound violation of Plaintiff's civil rights, pending investigation and litigation of Plaintiff's claims." Id. at 3.

**Analysis**

As set forth above, the relief which Plaintiff seeks is release from confinement. However, a prisoner in state custody cannot use 42 U.S.C. § 1983 to challenge "the fact or duration of his confinement." Wilkinson v. Dotson, 544 U.S. 74, 78, 125 S.Ct 1242, 1245 (2005)(quoting Preiser v. Rodriguez, 411 U.S. 475, 489, 93 S.Ct. 1827, 1836 (1973)); see also White v. Gittens, 121 F.3d 803, 806 (1st Cir. 1997)(holding that a prisoner's § 1983

---

[4] Plaintiff also alleges a violation of 28 U.S.C. § 1343(a)(3). However, this statute does not authorize a separate cause of action. Rather, it gives the district courts original jurisdiction over civil actions which allege deprivation, under color of any state law, of any privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens. See 28 U.S.C. § 1343(a).

action, alleging that his state parole revocation was constitutionally invalid, challenged the fact or duration of his confinement and, therefore, was not cognizable in federal court). "[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." Heck v. Humphrey, 512 U.S. 477, 481, 114 S.Ct. 2364, 2369 (1994); White v. Gittens, 121 F.3d at 806 ("a petition for habeas corpus is the only federal procedure for attacking the validity or length of a state prisoner's confinement")(internal quotation marks omitted); see also Kutzner v. Montgomery County, 303 F.3d 339, 341 (5th Cir. 2002)("[S]ince Preiser v. Rodriguez the Supreme Court has consistently held that habeas corpus is the exclusive means for prisoners to attack the fact or duration of their confinement.") (internal citation omitted); Guerro v. Mulhearn, 498 F.2d 1249, 1252 n.6 (1st Cir. 1974)(stating that "an illegal deprivation of physical liberty ... is the essence of habeas corpus"); Ferrara v. Wall, No. Civ.A 06-165ML, 2006 WL 1305102, at *1 (D.R.I. May 5, 2006)(stating that "a state prisoner has no cause of action under § 1983 to challenge the very fact or duration of his physical imprisonment")(citing Preiser, 411 U.S. at 500, 93 S.Ct. at 1836); cf. Harden v. Pataki, 320 F.3d 1289, 1294 n.6 (11th Cir. 2003)(stating that in a § 1983 action a prisoner's request for non-prospective injunctive relief because of procedural violations during extradition "could only mean immediate release from confinement ...," and therefore such relief "is foreclosed by Preiser").

Because Plaintiff's claims pursuant to § 1983 are not cognizable, see White v. Gittens, 121 F.3d at 806, they should be dismissed. His claims pursuant to § 1985 should be dismissed for the same reason. See Greene v. McGraw, No. Civ.A 7:02CV00626,

2002 WL 32494603, at *5 n.17 (W.D. Va. Aug. 16, 2002)(stating that to the extent prisoner sought release, his claims were not properly brought under § 1983 or § 1985 and that his exclusive remedy was in habeas corpus pursuant to 28 U.S.C. § 2254); Best v. Mullet, No. CV-89-3036, 1990 WL 88601, at *2 (E.D.N.Y. 1990) (same). Plaintiff's claims pursuant to § 1985(3)[5] also should be dismissed because he has not alleged "that the 'conspiratorial conduct of which he complains is propelled by "some racial, or perhaps otherwise class-based, invidiously discriminatory animus."'" Diva's Inc. v. City of Bangor, 411 F.3d 30, 38-39 (1st Cir. 2005)(quoting Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996)(quoting Griffin v. Breckenridge, 403 U.S. 88, 102, 91 S.Ct. 1790, 1798 (1971))). In addition, the Court does not perceive any class into which Plaintiff might fall.

**Conclusion**

For the reasons stated above, I recommend that this action be dismissed pursuant to 28 U.S.C. § 1915(e)(2) because it fails to state a claim upon which relief may be granted.[6] Any

---

[5] Although Plaintiff does not identify the subsection of 42 U.S.C. § 1985 which he alleges Defendants violated, it is clear from the wording of the Complaint, see Complaint at 9 (alleging that Plaintiff is "being deprived of the equal protection of the law"), and of the statute that he claims Defendants violated § 1985(3).

[6] If the case is not dismissed, Plaintiff must still pay the statutory filing fee of $350.00 for this action. Although Plaintiff's Application to Proceed without Prepayment of Fees and Affidavit (Doc. #2) ("Application") was granted, pursuant to the Prison Litigation Reform Act of 1995, adopted April 25, 1996, and codified at 28 U.S.C. § 1915(b)(1), a prisoner seeking to file in forma pauperis must pay as an initial filing fee the greater of twenty percent (20%) of the average monthly deposits to his account or the average monthly balance for the six months prior to the filing of his petition. Subsequently, a prisoner must pay monthly twenty percent (20%) of the previous month's balance in his account. These payments shall be collected and forwarded by the ACI to the Clerk of the Court each time the amount in Plaintiff's prisoner trust account exceeds $10.00, until the entire filing fee is paid in full. See 28 U.S.C. § 1915(b)(2).

objections to this Report and Recommendation must be specific and must be filed with the Clerk of Court within ten (10) days of its receipt. See Fed. R. Civ. P. 72(b); DRI LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district court and of the right to appeal the district court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

David L. Martin
DAVID L. MARTIN
United States Magistrate Judge
December 4, 2006