UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

MICHAEL G KESELICA,
Plaintiff

v. CA 06-490S

DONALD L. CARCIERI, GOVERNOR
and
PATRICK LYNCH, ATTORNEY GENERAL
Defendants

PLAINTIFF'S OBJECTION TO UNITED STATES MAGISTRATE JUDGE DAVID L. MARTIN'S REPORT AND RECOMMENDATION

NOW COMES Plaintiff, Michael G. Keselica, pro se, and objects to U.S. Magistrate Judge David L. Martin's December 4, 2006 Report and Recommendation and in support thereof states the following:

ANALYSIS

[FROM U.S. MAGISTRATE JUDGE DAVID L. MARTIN'S REPORT AND RECOMMENDATION]

1. Contrary to what is stated by Judge Martin, the relief which Plaintiff seeks is the revocation or suspension of Rhode Island Governor Donald L. Carcieri's Rendition Warrant (as well as monetary relief – see Plaintiff's Motion to Amend and Supplement) – not Petitioner's release from custody. That relief was sought by Plaintiff in Plaintiff's Motion for the Immediate Suspension of the Custodial Effects of RI Governor Donald L. Carcieri's Rendition Warrant on Plaintiff (which was denied by this Court – See Plaintiff's Objection to Order Denying Motion for Suspension of Custody).

Plaintiff views his action as one of a bifurcated nature. Once

this Court actually looks into Plaintiff's claims it should grant Plaintiff his requested relief – the revocation or suspension of Governor Carcieri's Rendition Warrant (in other words, a Stay of Execution of said Warrant).

Upon issuance of that Order, Plaintiff would then file the appropriate habeas petition, in the appropriate Court, in seeking further relief.

So Plaintiff is not challenging the fact or duration of his confinement. Plaintiff is challenging the constitutional and civil rights violative actions of these party defendants.

Plaintiff's claims, pursuant to subsection 1983, are cognizable – within the jurisdiction of this Court.

To state claim under subsection 1983, Plaintiff must allege violation of rights secured by Constitution and laws of U.S. and must show that alleged deprivation was committed by person acting under color of state law and Plaintiff has done this.

As stated in the 42 U.S.C. subsection 1983 extradition complaint of Pierson v. Grant, 357 F. Supp 397 (1973):

"Accordingly, this Court is of the view that Plaintiff has adequately stated a claim under the Civil Rights Act since the failure to comply with extradition provisions can deprive a person of his liberty without due process of law in violation of the Fourteenth Amendment."

Another 42 U.S.C subsection 1983 extradition case states:

"A complaint which charges abuse of the extradition power by noncompliance with applicable law states a claim under 42 U.S.C. subsection 1983 and may not be dismissed summarily as frivolous." Sanders v. Conine, 506 F.2d 530 (1974).

Plaintiff's complaint under 42 U.S.C. subsection 1983 stems from constitutional and civil right violative actions of the extradition proceeding instituted on behalf of the Commonwealth of Virginia (the demanding state) by the State of Rhode Island (the asylum state) for the body of Plaintiff (the alleged fugitive).

Plaintiff attacks those constitutional and civil right violative actions which resulted in the issuance of Virginia Governor Timothy Kaine's Requisition Warrant, Rhode Island Governor Donald L. Carcieri's Rendition Warrant and the denial of Plaintiff's Motion for Bail.

What Plaintiff interprets this Court as saying is that if Plaintiff was on bail pending disposition of Plaintiff's Complaint, then this Court would entertain Plaintiff's claims.

However, the reason why Plaintiff was not admitted to bail is due to misrepresentations made to the Rhode Island Courts by defendant Lynch in conspiring with Virginia against Plaintiff, a claim raised by Plaintiff in the present complaint before this Court.

Additionally, a suspension of Rhode Island Governor Carcieri's Rendition Warrant does not, in and of itself, release Plaintiff - it only temporarily prohibits Plaintiff's [extradition] removal to the Commonwealth of Virginia - the operation of the Governor's Warrant and the statutory steps it executes would be frozen. So a temporary injunction restraining any further proceedings on Rhode Island Governor Carcieri's Rendition Warrant, pending litigation of Plaintiff's claims, would be an appropriate remedy and does not result in Plaintiff's failure to state a claim upon which relief may be granted.

Furthermore, this Court's Report and Recommendation, dated

December 4, 2006, is now MOOT due to the subsequent filings by this Plaintiff – Plaintiff's Motion to Amend Civil Complaint No. CA 06-490S, dated December 5, 2006; Motion for Joinder of Additional Parties, dated December 8, 2006; and Motion to Amend and Supplement dated December 9, 2006.

Finally, this Court, in quoting Wilkinson v. Dotson, 544 U.S. 74, 78, 125 S. Ct. 1242, 1245 (2005) states:

"However, a prisoner in state custody cannot use 42 U.S.C. subsection 1983 to challenge "the fact or duration of his confinement."

Plaintiff is challenging the fact of the issuance of both Governors' Warrants (Virginia Governor Kaine and Rhode Island Governor Carcieri) and the criminal role[2] of both the Office of the Commonwealth Attorney for Fairfax County, Virginia and the Office of the Attorney General for Rhode Island in the issuance of these Governors' Warrants and the relief sought is both temporary[3] and monetary.[4]

Next, this Court states that it does not have jurisdiction over Plaintiff's claims pursuant to subsection 1985 for the same reason that Plaintiff's claims pursuant to subsection 1983 are not cognizable – Plaintiff has failed to state a claim upon which relief may be granted. Plaintiff has disspelled that notion above and applies it to his subsection 1985 claims and request for relief.

1 Thus voiding this Court's dismissal of this action for its' failure to state a claim upon which relief may be granted.

2 Plaintiff has been referred by the Office of the U.S. Attorney in Providence, RI to the FBI in Providence, RI.

3 From Section V of Plaintiff's Complaint dated November 21, 2006: "Revoke or suspend Rhode Island Governor Donald L. Carcieri's Rendition Warrant ..... pending investigation and litigation of Plaintiff's claims.

4 See Amended Complaint dated November 21, 2006

Furthermore, this Court states that Plaintiff's claims pursuant to subsection 1985 also should be dismissed because:

"he has not alleged that the conspiratorial conduct of which he complains is propelled by some racial, or perhaps otherwise class-based, invidiously discriminatory animus."

"In addition, the Court does not perceive any class into which Plaintiff might fall."

Sure Plaintiff has and does. This conduct against Plaintiff is propelled due to the fact that Plaintiff has been classified as a fugitive from justice.

Besides the fact that Plaintiff is not accorded his full panopy of rights, both civil and constitutional, Plaintiff is considered guilty until proven innocent, similar to terrorists in Guantanamo Bay, Cuba, although that class of individuals actually have more rights than I.

Due to my arrest and classification as a fugitive from justice I:

1. cannot get a job in this institution;
2. do not earn "credit" for the days I am incarcerated;
3. am not entitled to an attorney (among other constitutional due process rights[5]);
4. have restrictive movement within this institution due to my fugitive classification;
5. get 15 minutes a week of law library time, while other inmates get 3 hours;
6. cannot get my eyes checked for glasses (am then told that medical is not grievable);

[5] As a fugitive from justice the full panopy of my constitutional rights are not statutorally available to me.

7. am held w/o bail;
8. am being subjected to a lengthy deprivation of my liberty;
9. am not accorded full protection under the 5th Amendment (double jeopardy);
10. am not accorded full protection under the 6th Amendment (assistance of counsel, etc.);
11. am not accorded full protection under the 8th Amendment (cruel and unusual punishment and no bail);
12. am not accorded full protection under the 14th Amendment; (deprivation of liberty with limited due process and the denial of the equal protection of the law);
13. have had my outgoing mail to Providence Journal Staff Reporter[6] Tracy Breton and the FBI intercepted and discarded;

In top of which, whatever limited rights I have under Constitutional Amendments 5, 6, 8 and 14 have been taken away from me, as well as my civil rights, by Party Defendants Carcieri, Lynch and now Kane and Morrogh (see Plaintiff's Motion for Joinder of Additional Parties).

What other class of human beings are subjected to this invidiously discriminatory animus? No other that I am aware of.

Therefore, Plaintiff's subsection 1985 claims are meritorious, in light of the above and the definition of the violation of 42 U.S.C. subsection 1985:

"If 2 or more persons in any State or Territory conspire for the purpose of depriving, either directly or indirectly, any person (emphasis added) or class of persons of the equal

6 I have attempted to contact the Office of the U.S. Postal Inspector to initiate an investigation.

protection of the law or of equal privileges and immunities under the law."

I, as a person, classified as a fugitive from justice, am a victim of 2 or more persons (Lynch and Morrogh), in any State or Territory, (Rhode Island and Virginia) conspiring (perjured affidavit submitted by Morrogh and covered up by Lynch) for the purpose of depriving, either directly or indirectly, any person (me) or class of persons, of the equal protection of the law or of equal privileges and immunities under the law (this constitutional right has been denied me as stated in my claim).

WHEREFORE, U.S. Magistrate Judge David L. Martin's Report and Recommendation should be dismissed and Plaintiff's Complaint allowed to proceed for the facts and arguments as presented above and for the fact that this Report and Recommendation has been rendered MOOT by Plaintiff's subsequent Motions to Amend, Joinder of Additional Parties and Amend and Supplement.

Respectfully submitted,

Michael Keselica
#131867
P.O. Box 8249
Cranston, RI 02920

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 8th day of December, 2006 a copy of the foregoing was mailed postage paid first class to the Office of the Attorney General, 150 So. Main Street, Providence, RI 02920.

Michael Keselica