UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

MICHAEL G. KESELICA,
Plaintiff

v. CA 06-490 S

DONALD L. CARCIERI, GOVERNOR
PATRICK LYNCH, ATTORNEY GENERAL
TIMOTHY KAINE, GOVERNOR
and
RAYMOND MORROGH, DEPUTY C.A.

PLAINTIFF'S MOTION TO AMEND AND SUPPLEMENT
CIVIL ACTION NO. CA 06-490S

NOW COMES Plaintiff, Michael Keselica, prose, and moves this Court to allow Plaintiff to amend and supplement civil action no. CA 06-490 S with the following:

1. On November 21, 2006, Plaintiff filed with this Court, Plaintiff's Complaint, CA 06-490 S, against Defendants Rhode Island Governor Donald L. Carcieri and Rhode Island Attorney General Patrick Lynch.

2. On December 8, 2006, Plaintiff filed with this Court, Plaintiff's Motion to Join Additional Parties, specifically Virginia Governor Timothy Kaine and Fairfax County, Virginia Deputy Commonwealth Attorney Raymond Morrogh, as Party Defendants to this action.

3. Such joinder can be deemed compulsory or permissive, as Plaintiff's actions fits both these definitions.

Plaintiff needs to amend and supplement the following claims to include these additional party defendants, with these additional facts to Claims I-III.

Claim I - Based on Defendant Morrogh's perjured affidavit, submitted first to Virginia Governor Kaine, in the issuance of his Governor's Requisition Warrant, and then to Defendants Carcieri and Lynch, Plaintiff was subjected to an 8th Amendment violation, specifically those violations submitted by Plaintiff in his original complaint dated November 21, 2006, including cruel and unusual punishment (Plaintiff's current imprisonment) and no bail, let alone excessive bail. The furtherance of this constitutional violation was made possible by Defendant Kaine, who was alerted in advance to this possible criminal act by Defendant Morrogh from a letter submitted to Defendant Kaine on August 21, 2006, in advance of his receipt of the perjured requisition affidavit by Defendant Morrogh, but who did nothing to prevent its injury to Plaintiff.

Claim II - Defendant Morrogh intentionally violated Plaintiff's 5th Amendment rights when he lied on his requisition affidavit that this is the first time that he has submitted a requisition application to the Office of the Governor for my extradition (among other perjured affirmations). It was the third time and Plaintiff even raised this issue at his habeas extradition hearing on June 4, 2004 which resulted in Plaintiff's release. This was done intentionally and maliciously by this Party Defendant to first get Virginia Governor Kaine to actually issue his Governor's Warrant but then to purposely circumvent any res judicata, collateral estoppel or double jeopardy violation, first to the Virginia Governor, then to the Rhode Island Courts and finally to avoid any criminal liability.'

' It is a crime in Virginia to restrain someone of their liberty after he has been discharged in the same proceeding on a Writ of Habeas Corpus.

CLAIM III – Both of these new Party Defendants are directly involved, along with Defendants Carcieri and Lynch, in depriving Plaintiff of the equal protection of the law pursuant to the 14th Amendment.

Defendant Morrogh committed a crime by submitting a perjured Requisition Affidavit to Defendant Kaine. After being warned of this fact by Plaintiff (see letter dated August 21, 2006), Defendant Kaine furthered the commission of this crime and with it the violation of Plaintiff's rights according to the 14th Amendment across state lines by sending his Governor's Warrant (generated by the perjured requisition affidavit) and the perjured requisition affidavit across state lines to Defendant Carcieri, which was then furthered by Defendants Carcieri and Lynch, as stated in Plaintiff's original complaint.

Crimes were committed and furthered by these Party Defendants in arresting and incarcerating Plaintiff. Thus, Plaintiff was denied the equal protection of the laws of this country. Plaintiff was not protected at all and it was the violation of these laws which injured Plaintiff and Plaintiff has been falsely labeled a fugitive from justice by all these Party Defendants.

Plaintiff further alleges that Governor Kaine violated Plaintiff's civil rights by failing to verify if Plaintiff's warnings were valid.

Plaintiff further charges that Deputy Commonwealth Attorney Morrogh displayed criminal negligence, fraud, deceit and malicious conduct in seeking the wrongful extradition of Plaintiff as a fugitive from justice from Virginia.

Finally, Defendant Morrogh has violated 42 U.S.C. subsection 1985 by conspiring with the asylum state, Rhode Island, to interfere with and deprive Plaintiff of his civil rights and privileges as a citizen of the United States.

V. Amended and Supplemental Relief Requested.

In addition to the relief (November 21, 2006) and amended relief (December 5, 2006) sought by Plaintiff from this Court and Defendants Carcieri and Lynch, Plaintiff seeks the following relief from Defendants Kaine and Morrogh: (1) monetary damages for lost wages (approximately $17,800 as of December 9, 2006 and counting); attorney fees ($14,000 as of December 9, 2006 and counting); filing fees ($500 as of December 9, 2006 and counting); and (2) exemplary [punitive] damages of $100,000,000.

Furthermore, Plaintiff renews his request for a trial by jury in the matter of Keselica v. Carcieri, et al, CA 06-490 S.

WHEREFORE, Plaintiff moves this Court to grant Plaintiff's Motion to Amend and Supplement Civil Action No. 06-490S with the above facts and relief, incorporating the claims and relief as stated in Plaintiff's Original Complaint dated November 21, 2006 and Amended on December 5, 2006.

Respectfully submitted,

[signature]

Michael Keselica
#131867
P.O. Box 8249
Cranston, RI 02920

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 9th day of December, 2006 a copy of the foregoing was mailed postage paid first class to the Office of the Attorney General, 150 So. Main Street, Providence, RI 02903.

[signature]

Michael Keselica